UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW PARADIGM PROMOTIONAL
MARKETING INC.,

    Plaintiff,

v.

ACF GLOBAL IMPORTS LLC,
a New Hampshire limited liability company,
ALL CUSTOM FOCUS GLOBAL IMPORTS,
LLC., a California limited liability company
DHAMEJA R. KUMAR, and individual,
PETER NORMAND, an individual,
jointly and several,

    Defendants.

Case No. 14-11320
Hon. John Corbett O'Meara

**JURY DEMAND**

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff New Paradigm Promotional Marketing Inc. ("New Paradigm") through counsel, states as follows for its first amended complaint and jury demand.

1. Defendant ACF Global Imports LLC ("ACF") is a New Hampshire limited liability company which has a principal place of business (corporate headquarters) in Concord, New Hampshire and which regularly, systematically and/or otherwise conducts business in Wayne County, Michigan. Upon information and belief, as stated by Defendants in their notice of removal and related papers, none of

1

ACF's members are Michigan residents, and all are citizens and residents of the State of New Hampshire. ACF Global Imports, LLC is therefore, a citizen of New Hampshire for purposes of diversity jurisdiction.

2. All Custom Focus Global Imports, LLC ("All Custom") is a limited liability company organized under the law of the State of California. Upon information and belief, as stated by Defendants in their notice of removal and related papers, none of All Custom's members are Michigan residents, and all are, upon information and belief, citizens of the State of California. All Custom is therefore a citizen of California for purposes of diversity jurisdiction.

3. Defendant Dhameja R. Kumar (Kumar) upon information and belief and as stated in Defendant's Motion For a More Definite Statement, is a resident and citizen of the State of California and he is also, upon information and belief, the president of ACF.

4. Defendant Peter Normand upon information and belief, is a resident and citizen of the State of Massachusetts and a sales representative of ACF.

5. The events giving rise to this cause of action occurred in Wayne County, Michigan, and elsewhere in Michigan.

6. Plaintiff New Paradigm is a limited liability company organized under the laws of the State of Michigan regularly and systematically conducts business in Wayne County, Michigan, and has its principal place of business in Wayne County, Michigan. All of New Paradigm's members are Michigan residents. New Paradigm is a resident and citizen of the State of Michigan for purposes of diversity jurisdiction.

7. The amount in controversy exceeds $75,000.00, a jurisdictional requirement of this Court; additionally, Plaintiff seeks equitable relief. The facts as more fully set forth in this Complaint describe that the Plaintiff has sustained damages well in excess of the jurisdictional amount, and this Honorable Court has jurisdiction over this case. Specifically, Plaintiff seeks judgment all Defendants, jointly and severally, in the amount of at least $501,465.00.

8. Thus, there is diversity jurisdiction under 28 USC 1332, since the amount in controversy exceeds $75,000.00 and Plaintiff and all Defendants are residents and citizens of different states. The facts as more fully set forth in this First Amended Complaint that Plaintiff has sustained damages well in excess of the jurisdictional amount, and this Honorable Court has jurisdiction over this case.

9. This Honorable Court has jurisdiction over this case and venue is appropriate with this Court.

10. Based on the facts set forth herein, it is more plausible than not that Plaintiff will recover against Defendants.

## Count 1

11. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

12. Since approximately 2006, New Paradigm has operated in the Advertising Distribution Services and Promotional Materials industry serving customers and clients in various business sectors including but not limited to the automotive industry.

13. Since approximately 2010, ACF has been in the business of importing and distributing various promotional materials, and other components for use in various industries, including the corporate promotional products sector.

14. On approximately December 19, 2012  New Paradigm issued to ACF a purchase order and entered into an agreement ("Agreement") whereby New Paradigm would purchase from ACF approximately 1,500 promotional custom tool kits which were to be sold by New Paradigm to its customers. (See Exhibit 1).

15. All Custom has, among other things, received, accepted, and retained funds for which payment was made by New Paradigm to ACF (ACF directed New Paradigm to send payments via bank transfer to the All Custom bank account) for product purchases pursuant to the Agreement between ACF and New Paradigm.

16. On approximately December 19, 2012 New Paradigm paid to ACF (through All Custom) fifty (50%) percent of the purchase order value so that ACF could authorize its purported manufacturing supplier, which is located in China, to purportedly commence completion and fulfillment of the promotional tool kit order pursuant to the Agreement.

17. On approximately March 18, 2013, New Paradigm received numerous assurances from ACF, Kumar and Normand that the promotional tool kits had been shipped and received at the ACF warehouse which was purportedly located in the State of California.

18. New Paradigm personnel were told on or about March 18, 2013 that the product shipments received at the ACF California warehouse were in fact the toolkit products purchased by ACF and produced by the Chinese sub supplier manufacturer, pursuant to the Agreement, and was ready for shipment from the ACF warehouse to New Paradigm.

19. Based upon the assurances made by ACF personnel, Kumar and Normand, to New Paradigm personnel, that the tool kit goods had been received in California and that the goods would be shipped per the New Paradigm shipping instructions, New Paradigm paid the balance due under the Purchase Order(s) to ACF (through All Custom).

20. A total amount of $10,875.00 was paid by Plaintiff to ACF pursuant to the tool kit purchase order and Defendant's Pro Forma Invoice on December 12, 2012 and March 18, 2013. (See Exhibits 2 and 3)

21. The assurances and representations ACF, Kumar and Normand made and provided to New Paradigm that the products had been produced and shipped to New Paradigm per the terms of the purchase order(s) were false when they were made.

22. ACF, Kumar and Normand knew these representations were false when they were made and made these representations with the intention of inducing New Paradigm's reliance on these representations and to transfer the remaining balance of the funds owed under the Agreement to All Custom, a company whose name is very similar to ACF's name, and as discussed below was acting in a civil conspiracy with the other Defendants.

23. New Paradigm relied on the false representations made by ACF, Kumar and Normand.

24. On approximately February 13, 2013 New Paradigm issued a second purchase order to ACF for two thousand (2,000) customized for promotional purposes, remote control toy helicopter assemblies. (See Exhibit 4.)

25. At the request of Defendant Peter Normand, New Paradigm paid to ACF via wire transfer, a deposit of fifty (50%) percent of the purchase order value for the helicopter assemblies. (See Exhibit 4.)

26. On March 18, 2013 New Paradigm paid to ACF, as requested and directed by Kumar and Normand a deposit of an additional $20,000.00 to cover the additional expense incurred as a result of a New Paradigm requested product upgrade change to the helicopter order. (see Exhibit 5).

27. On approximately April 22, 2013 Defendant Normand represented through statements to New Paradigm personnel and photo images sent to New Paradigm offices in Highland Park Michigan, that the product order(s) had been manufactured and produced at the ACF sub supplier manufacturer located in the People's Republic of China and had been packaged and were ready for shipment to the United States.

28. On approximately April 22, 2013 Defendant Kumar communicated to New Paradigm personnel that the balance of funds owed under the purchase order needed to be paid prior to shipment of the product and was necessary to "reserve cargo space" on the vessel that would perform the ocean shipment transport.

29. On or about April 22, 2013 Plaintiff made a bank transfer of $78,140 USD pursuant to the helicopter order, to All Custom at the express direction of Kumar on behalf of the Defendants.

30. A total of $156,280 was paid pursuant to Defendants' Pro Forma invoices and assurances from Kumar and Normand on behalf of the Defendants that the helicopter assemblies were being shipped to and otherwise transported to Plaintiff.

31. On or about May 15, 2013 Defendants Kumar and Normand represented, on behalf of all Defendants, that the helicopter shipments had been made by presenting to Plaintiff New Paradigm, false shipping container identification numbers and shipment tracking numbers.

32. New Paradigm suffered damages as a result of New Paradigm's reliance on ACF's, All Custom, Kumar and Normand's false and deceptive representations.

8

33. Defendants ACF, All Custom, Kumar and Normand have acted in concert and in a conspiracy together and their actions have resulted in significant damages to New Paradigm.

34. Defendants have copies of all documentation and written instruments exchanged between the parties, including documentation concerning the agreements, in its possession and control.

## Count 2

35. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

36. The representations Defendant Kumar made to New Paradigm on behalf of the Defendants were false.

37. Defendant Kumar's false representations to New Paradigm regarding the toolkit and toy helicopter orders were material representations.

38. Defendant Kumar knew these representations regarding the tool kit and toy helicopter orders were false when they were made.

39. Defendant Kumar made these representations with the intention of inducing New Paradigm's reliance on these representations.

40. New Paradigm suffered damages as a result of New Paradigm's reliance on Defendant Kumar's false representations, assertions, directions, and assurances.

## Count 3

41. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

42. The representations Defendant Normand made to New Paradigm on behalf of the Defendants were false.

43. Defendant Normand's false representations to New Paradigm regarding the toolkit and toy helicopter orders were material representations.

44. Defendant Normand knew these representations regarding the tool kit and toy helicopter orders were false when they were made.

45. Defendant Normand made representations with the intention of inducing New Paradigm's reliance on these representations.

46. New Paradigm suffered damages as a result of New Paradigm's reliance on Defendant Normand's false representations, assertions, directions and assurances.

## Count 4

59. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

60. Defendant ACF entered into one or more agreements with Plaintiff to sell promotion tool kits and promotional toy helicopter assemblies

according to Plaintiff's plans and specifications for a total combined purchase order price of $167,155.00. A copy of the purchase orders is attached as exhibits 1 through 4.

61. Plaintiff has paid Defendants the sum of $167,155 pursuant to the purchase orders.

61. Defendants did not ship the products specified in the purchase orders.

62. Defendants have not shipped any product other than preliminary sample pieces used to induce Plaintiff into paying for the goods pursuant to the Agreement.

63. Plaintiff promptly brought the lack of product shipments to Defendants' attention. Defendants ACF, Kumar and Normand promised and agreed to ship the products as specified in approximately May 2013.

64. Defendants have not shipped the products as of October 21, 2013 and further, by virtue of Defendants' silence and lack of response (other than a vague comment regarding that the matter was in the "lawyers hands"), Plaintiff reasonably believed that Defendants were unwilling to complete the transaction.

65. Defendant's conduct as described in this complaint constituted a breach of the contract between the parties.

11

66. Plaintiff has been damaged by Defendant's breach in the amount of $167,155.00, which consists of the funds Plaintiff has paid under the purchase orders.

## Count 5

67. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

68. New Paradigm has paid the full amount as reflected in the purchase orders.

69. Defendants are now wrongfully holding the funds which New Paradigm has paid.

70. It would be inequitable and unjust for Defendant to retain this benefit.

71. Defendant(s) have been unjustly enriched as a result of New Paradigm's payment.

72. New Paradigm is therefore entitled to recover damages for unjust enrichment.

## Count 6

73. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

74. Defendants ACF, All Custom, Kumar and Normand knew that the shipment of product had not occurred and that the funds received from Plaintiff belonged to Plaintiff New Paradigm.

75. The funds are specifically identifiable funds received by Defendant(s) from New Paradigm through bank wire transfers, and are wrongfully being withheld by Defendants. (See Exhibit 6).

76. Defendants ACF, All Custom, Kumar and Normand have retained funds that belong to New Paradigm.

77. Defendants have converted, and/or stole or embezzled, property of New Paradigm, and/or aided in the concealment of stolen, embezzled, or converted property, in violation of MCL 600.2919a.

78. By wrongfully retaining New Paradigm's property, Defendants have committed common law, statutory and other conversion of New Paradigm's funds (payments).

79. Defendant ACF, All Custom, Kumar and Normand are also liable for common law conversion for keeping and improperly retaining the funds owed to New Paradigm.

## Count 7

80. The previous allegations, and all other allegations in other counts of this Complaint, are incorporated herein by reference.

81. Plaintiff is entitled to preliminary and permanent injunctive relief enjoining the Defendant from violating the Agreement, and taking other action that is improper and/or harmful to Plaintiff New Paradigm, including any action that would damage Plaintiff New Paradigm's reputation.

82. Plaintiff New Paradigm obtains a significant stream of revenue from sales of promotional products due under the Agreements, and any loss of the revenue have substantially interfered with Plaintiff New Paradigm's ability to conduct business and to continue to grow and conduct its business.

83. Upon information and belief, the Plaintiff's business is in jeopardy as the result of possibly having insufficient funds to continue operations due to the funds being wrongfully withheld.

84. The amount of this damage and harm would be difficult to determine with any degree of certainty. Therefore, among other things, it would be very difficult to calculate the total monetary effect of this actual and potential harm to New Paradigm.

85. New Paradigm is likely to succeed on the merits.

86. Granting injunctive relief would be less harmful to Defendant, than would be the harm of denying the relief to Plaintiff New Paradigm.

87. Public policy favors granting the injunctive relief.

## Count 8

88. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

89. New Paradigm is entitled to a declaratory judgment, adjudicating that New Paradigm is entitled to a return of the payments made to Defendant.

## Count 9

90. The previous allegations, and all other allegations in other counts of this complaint, are incorporated herein by reference.

91. Upon information and belief, the Defendants have acted in combination and concert, and with concerted action.

92. The Defendants have acted with an unlawful purpose and/or by unlawful means.

93. The concerted and other actions of the Defendants have caused damage to the Plaintiff.

WHEREFORE, New Paradigm is entitled to judgment in the amount of at least $501,465.00 against Defendants, together with other damages, jointly and severally, for in the following relief:

    A. All payments made;

B. All damages for breach of contracts, including but not limited to all agreements;

C. Conversion damages of three times actual damages sustained by Plaintiff ($167,155.00 x 3=$501,465.00) plus reasonable attorney fees and costs, pursuant to MCL 600.2919a.

D. All amounts due to New Paradigm under the agreements;

E. A judgment for permanent and/or other injunctive relief, and preliminary relief prior to judgment;

F. Damages that New Paradigm has incurred as a result of Defendants' failure to make the shipments of products requested, including but not limited to lost profits;

G. Alternatively, damages for unjust enrichment;

H. Interests, costs and attorney fees under all applicable law; and

I. All other relief in favor of Plaintiff New Paradigm that the Court and/or the jury deem fair, just, equitable and/or appropriate under the law.

## JURY DEMAND

Plaintiff New Paradigm hereby demands a trial of this matter by jury.

        Respectfully submitted,

        Powell Murphy


        /s/ Steven C. Powell_____
        By: Steven C. Powell (P39433)
        Keith F. Murphy (P47175)
        Attorneys for Plaintiff
        40701 Woodward Avenue, Suite 301
        Bloomfield Hills, MI 48304
        Tel: (248) 723-4390
        Fax: (248) 723-4391
        scpowell@powellmurphylaw.com
        kmurphy@powellmurphylaw.com

Dated: May 19, 2014