UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW PARADIGM PROMOTIONAL
MARKETING, INC.,

    Plaintiff,                             Case No. 14-11320

v.                                       Hon. John Corbett O'Meara

ACF GLOBAL IMPORTS, LLC, *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT

Before the court is Defendants' motion for a more definite statement, filed April 23, 2014. Plaintiff filed a response on May 12, 2014; Defendants submitted a reply on May 19, 2014. On the same date, Plaintiff filed an amended complaint. Pursuant to L.R. 7.1, the court did not hear oral argument.

Pursuant to Federal Rule of Civil Procedure 12(e), a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." In light of federal notice pleading standards and the opportunity for extensive pretrial discovery, motions for a more definite statement are generally disfavored. See Flagstar Bank, FSB v. Gulfstream Business Bank, Inc., 2013 WL

6017977 at *8 (E.D. Mich. Nov. 13, 2013); E.E.O.C. v. FPM Group, Ltd., 657 F.Supp. 2d 957, 966 (E.D. Tenn. 2009). "A motion under Rule 12(e) should not be granted unless the complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it.'" Id. (citation omitted). In other words, if the complaint meets the notice pleading requirements of Federal Rule of Civil Procedure 8, the court should deny the motion for a more definite statement. Id.

Defendants contend that several aspects of the complaint are vague, including (1) it fails to make factual allegations against Defendant All Custom; (2) it fails to specify which Defendant is liable in each count; (3) it fails to specify a legal theory in Counts 1-3; and (4) it fails to specify the injunctive relief sought in Count 7. Plaintiff's First Amended Complaint substantially addresses these alleged deficiencies. See Amended Compl. at ¶¶ 33, 40, 46, 60, 63, 76. The court finds that Plaintiff's First Amended Complaint complies with the notice pleading requirements of Rule 8.

Defendants contend that because Plaintiff filed one "corrected" complaint already, it must seek leave before filing an amended complaint. See Fed. R. Civ. P. 15(a)(1). The court agrees that the better course would have been for Plaintiff to seek leave, or simply to agree upon consultation with Defendants that a motion was

unnecessary. Given that Defendants have requested that Plaintiff amend, however, the court finds no reason at this stage to require Plaintiff to file a motion to amend its complaint.

Accordingly, IT IS HEREBY ORDERED that Defendants' motion for a more definite statement is DENIED.

s/John Corbett O'Meara<br>United States District Judge

Date:  May 22, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 22, 2014, using the ECF system.

s/William Barkholz<br>Case Manager