**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

NEW PARADIGM PROMOTIONAL
MARKETING, INC.,

    Plaintiffs,

CASE NO: 14-11320

v

HON. JOHN CORBETT O'MEARA

ACF GLOBAL IMPORTS LLC,
A New Hampshire limited liability company,
ALL CUSTOM FOCUS GLOBAL IMPORTS,
LLC., a California limited liability company,
DHAMEJA R. KUMAR, an individual,
PETER NORMAND, an individual,
jointly and severally,

    Defendants.

---

Powell Murphy
By: Steven C. Powell (P39433)
Keith M. Murphy (P47175)
Attorneys for Plaintiff
40701 Woodward Ave., Suite 301
Bloomfield Hills, MI 48304
Tel: (248) 723-4390
Fax: (248) 723-4391
scpowell@powellmurphylaw.com
kmurphy@powellmurphylaw.com

Barry A. Wolf, Attorney at Law, PLLC
By: Barry A. Wolf (P40709)
Attorney for Defendants
Mott Foundation Building
503 S. Saginaw Street, Suite 1410
Flint, MI 48502
Tel: (810) 762-1084
Fax: (810) 244-1650
bwolf718@msn.com

Loyst Fletcher, Jr. & Associates
By: Loyst Fletcher, Jr. (P29799)
Attorney for Peter Normand
718 Beach Street
Flint, MI 48502
Tel: (810) 238-4410
Fax: (810) 238-0726
fletcherwolfjc@msn.com

---

**DEFENDANT PETER NORMAND'S REPLY BRIEF TO PLAINTIFF'S RESPONSE TO**

**MOTION FOR PROTECTIVE ORDER PURSUANT TO F.R.C.P. 26(C)(2)**

## CONCISE STATEMENT OF ISSUES PRESENTED

**ISSUE:** Should the Court compel an out of state defendant to spend the money for air fare, and hotel, to attend a deposition in Michigan where there are other less expensive alternatives; and where such order would be contrary to case law and Court rule?

**RESPONSE: NO**

This lawsuit is based on a breach of contract between Plaintiff and Defendant ACF Global Imports, LLC ("ACF"). Defendant Peter Normand was an employee of ACF. He was merely a sales person that worked out of his home in Massachusetts, and received a W-2 for wages and commission. He worked for ACF Global from June 2012 until approximately June 2015. He left Defendant ACF because several of his paychecks bounced, and ACF stopped paying him. He is presently unemployed. ACF owes him $18,290. He presently has no income. He is married with two small children at home.

The Plaintiff in this case has been less than forthright with the Court. The Plaintiff's brief contains numerous statements that are not true. Plaintiff further misleads the Court by referring to Defendants' conduct, i.e. including by implication Peter Normand, when Plaintiff has knowledge the allegations are false, or they are made with reckless disregard for the truth.

**Controlling Authority:**

1. E.D. Mich. LR 7.1
2. Fed.R.Civ.P. 26(c)(1)
3. Fed.R.Civ.P. 45(e)
4. Fed.R.Civ.P. 30(b)4
5. Fed.R.Civ.P. 30(b)1.

## NORMAND'S RELATIONSHIP WITH ACF

Peter Normand was simply an employee of ACF. He is not an officer or shareholder, and had absolutely no authority whatsoever as it relates to ACF. He was employed for three (3) years; from June 2012 through June 2015. He left because he was not being paid, and in fact, is owed back wages today.

Normand's work did not involve financing or logistics. Any information on orders, order status, shipping status, and/or customs status would all originate from ACF. Any information for updates on any order would simply be information he would pass on to the client, i.e., Plaintiff. Normand had no ability or any means to verify the validity of the information. Any information Normand would have provided for Plaintiff came directly from ACF.

## THE FALSE DISCOVERY CLAIM

The Plaintiff is well aware that Defendant Normand has no corporate documents. Plaintiff is also well aware that the only documents Defendant Normand has relative to ACF are emails, all of which have been supplied to Plaintiff. Plaintiff intentionally misleads this Court by referring to

3

"Defendants" by implication including Normand. By way of example, page 2 of Plaintiff's Brief states:

"Defendants have basically shut down the discovery process in this lawsuit… by failing to produce documents, failure to answer interrogatories…"

Plaintiff is aware as to Defendant Normand this statement is false, or Plaintiff made this statement with reckless disregard as to its truthfulness.

## PLAINTIFF'S FACTUAL STATEMENT ARE CONCLUSIONARY AND MADE WITH RECKLESS DISREGARD FOR THEIR TRUTHFULNESS

By way of example, this is the statement made to this Court:

Page 6, Plaintiff's Response, states: "Defendants had apparently never even ordered the goods from the factory in China."

Defendant Normand is a sales person. He has no authority, nor any ability to order any goods. Another example:

"The Defendants collectively have kept (converted, misappropriated, etc.) New Paradigm's payment of approximately $167,155 and refused to discuss return of the money or shipment of the goods further."

**Page 12:**

"…as he and his co-Defendant's still wrongfully possess Plaintiff's $167,155.00…"

4

Plaintiff's own records should reveal the falsity of this statement as to Defendant Normand. Plaintiff has no records that Plaintiff ever paid Defendant Normand any money. In fact, the $167,155 check paid, revealed that the money was paid to ACF, and deposited into ACF's account.

The truth of the matter is that Plaintiff has, from its own files, evidence to refute the statements made to this Court as to Defendant Normand. While said statements may be true as to ACF, they are not true as to Normand. Plaintiff's brief is replete with numerous such false and misleading statements by collectively referring to "Defendants" by implication including Defendant Normand.

## ARGUMENT

There is no factual or legal basis that would justify forcing Defendant Normand to incur the expense of air fare and hotel to come to Michigan for a deposition. No subpoena was issued for the deposition of Defendant Normand. Had Plaintiff issued a subpoena, Defendant Normand would have had the protection of Fed.R.Civ.P. 45(c). "A subpoena may command a person to attend a.... deposition only as follows: (b) within the state where the person resides, is employed or regularly transacts business in person.

In this case, the location of the deposition was by Fed.R.Civ.P. 30(b)(1). Fed.R.Civ.P. 26(c)(1)(B) provides that a Court may, for good cause, issue an order to protect a party from annoyance, embarrassment, oppression or undue burden and expense.

Fed.R.Civ.P. 30(b)(4) provides that this Court may order that a deposition be taken by telephone, or other remote means. In this case, it would be an undue burden due to the distance from Massachusetts to Michigan, and the fact that Defendant Normand is unemployed, to force him to

come to Michigan for a deposition. A deposition via videoconference falls within the category of "other remote means," Fed.R.Civ.P. 30(b)(1), and Defendant would so request.

Respectfully Submitted:

Dated: September 11, 2015

LOYST FLETCHER, JR. & ASSOCIATES

/s/ LOYST FLETCHER, JR.
LOYST FLETCHER, JR. (P29799)
Attorney for Defendant Peter Normand
718 Beach Street
Flint, MI 48502
(810) 238-4410

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

/s/ LOYST FLETCHER, JR.
LOYST FLETCHER, JR. (P29799)
Attorney for Defendant Peter Normand
718 Beach Street
Flint, MI 48502
(810) 238-4410