## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**NEW PARADIGM PROMOTIONAL
MARKETING, INC.,**

      **Plaintiff,**                        C IVIL ACTION NO. 14-cv-11320

        **v.**                            DISTRICT JUDGE JOHN CORBETT O'MEARA

**ACF GLOBAL IMPORTS, LLC,**      MAGISTRATE JUDGE MONA K. MAJZOUB
**ALL CUSTOM FOCUS GLOBAL
IMPORTS, LLC, DHAMEJA R.
KUMAR, and PETER NORMAND,**

      **Defendants.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [28] AND GRANTING IN PART AND DENYING IN PART DEFENDANT NORMAND'S MOTION FOR PROTECTIVE ORDER [46]

Plaintiff New Paradigm Promotional Marketing, Inc. filed the instant breach of contract action in the Wayne County Circuit Court on November 15, 2013, against Defendants ACF Global Imports, LLC (ACF), All Custom Focus Global Imports, LLC, Dhameja R. Kumar, and Peter Normand. (Docket no. 28 at 14; *see* docket no. 1-1.) Defendants removed the case to this Court on March 31, 2014. (Docket no. 1.)

Plaintiff's Complaint arises from Defendants' alleged failure to fulfill purchase orders for goods for which Plaintiff allegedly prepaid. (*See* docket no. 8.) Plaintiff presents itself as a company that provides advertising distribution services and promotional materials to customers in various business sectors, including the automotive industry. (*Id.* ¶ 12.) According to Plaintiff, Defendant ACF is in the business of importing and distributing promotional materials and other products; Defendant All Custom Focus Global Imports, LLC is company that received, accepted,

and retained Plaintiff's payments on behalf of Defendant ACF; Defendant Kumar is the president of Defendant ACF; and Defendant Normand is a sales representative of ACF.  (*Id.* ¶¶ 3-4, 13, 15.)  Plaintiff alleges that Defendants knowingly made false representations to Plaintiff regarding the manufacturing and shipment of the products that Plaintiff ordered from Defendants and that those representations induced Plaintiff to prepay for the products.  Plaintiff also alleges that it has not received the products that it ordered from Defendants and that Defendants will not return the funds that Plaintiff has paid under the purchase orders.

This matter is before the Court on two motions:  Plaintiff's Motion to Compel Discovery, and for Sanctions (docket no. 28), and Defendant Peter Normand's Motion for Protective Order Pursuant to F.R.C.P. 26(c)(2) (docket no. 46).  Response and reply briefs have been filed with regard to each motion.  (Docket nos. 31, 34, 49, and 50.)  The parties also filed a Joint Statement of Resolved and Unresolved Issues with regard to Plaintiff's Motion to Compel.  (Docket no. 43.)  The motions have been referred to the undersigned for consideration.  (Docket nos. 29 and 47.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.      Plaintiff's Motion to Compel Discovery, and for Sanctions [28]

On December 23, 2014, Plaintiff served Defendants with Requests for Admission, Interrogatories, Requests for Production, and a Notice of Taking Deposition of Defendants Kumar and Normand.  (Docket no. 28 at 4; docket no 28-1.)  Plaintiff contends and Defendants concede that Defendants failed to respond or serve written objections to the interrogatories or requests for production by the January 22, 2015 deadline.  Plaintiff filed the instant Motion to Compel Discovery, and for Sanctions on May 15, 2015, seeking the following as relief:

(1) Require Defendants to answer Plaintiff's interrogatories and produce copies [of] all of the documents requested delivered to Plaintiff['s] counsel's office.
(2) Direct that Plaintiff's designated facts in its Complaint be taken as established for purposes of this action.
(3) Prohibit the Defendants from opposing Plaintiff's claims and from introducing contrary evidence.
(4) Strike Defendants' pleadings.
(5) Order Defendants to attend the yet to be re-scheduled and noticed depositions at the offices of Plaintiff's counsel in Bloomfield Hills, Michigan.
(6) Stay further proceedings until the order is obeyed.
(6) [sic] Issue a default judgment against Defendants in the amount of $501,465.00 (conversion damages: $167,155 (actual damages) x 3 = $501,465.00) plus Plaintiff's attorney fees and costs.
(7) Sanction Defendants and counsel for Defendants for attorney fees and the costs required to file this motion.
(8) Such other relief in favor of Plaintiff as is equitable and just.

(Docket no. 28 at 21.)   Defendants responded to Plaintiff's Motion, and Plaintiff replied to Defendants' Response.   (Docket nos. 31 and 34.)   On July 2, 2015, the parties filed a Joint Statement of Resolved and Unresolved Issues, in which the parties indicate that all issues were unresolved and that Defendants had still not responded or objected to Plaintiff's interrogatories or requests for production.   (Docket no. 43.)   On July 8, 2015, the Court granted Defendants' counsel's Motion to Withdraw as counsel for Defendants.   (Docket no. 44.)   That same day, the Court granted another attorney permission to appear on behalf of Defendant Normand.   (Docket no. 45.)   Recently, on October 23, 2015, the Clerk of the Court entered a default against Defendants ACF Global Imports, LLC and All Custom Focus Global Imports, LLC for failure to respond to a show cause order, obtain counsel, or otherwise defend this matter.   (Docket nos. 52-54.)

Federal Rules of Civil Procedure 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party.   Fed. R. Civ. P. 33, 34.   A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A).   If the party receiving discovery requests under Rules 33 or

34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel.  Fed. R. Civ. P. 37(a)(3)(B).  If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust.  Fed. R. Civ. P. 37(a)(5)(A).  Furthermore, Federal Rule of Civil Procedure 37(d) authorizes the Court to order sanctions if a party fails to answer interrogatories or respond to a request for production of documents.  Rule 37(b) provides a list of sanctions the Court may order if a party fails to obey a discovery order, up to and including dismissal of that party's action or proceeding in whole or in part.  Fed. R. Civ. P. 37(b)(2)(A).

Defendants do not dispute their failure to respond to Plaintiff's discovery requests, but they assert that they should not be sanctioned because Plaintiff acquiesced to a delay of Defendants' discovery responses while the parties were involved in settlement negotiations, in an effort to minimize costs and attorney fees.  (Docket no. 31 at 5-7.)  To support this assertion, Defendants reference the parties' stipulation to adjourn the Court's scheduling order for 120 days, which was filed with the Court on March 17, 2015.  (*Id.* at 5; docket no. 26.)  This stipulation, however, was filed approximately two months after the January 22, 2015 deadline for Defendants' discovery responses and does not address an extension of this deadline.  Defendants provide no documentation or legitimate support for their assertion that Plaintiff acquiesced in Defendants' delayed discovery responses, an assertion that Plaintiff vehemently denies.  (*See* docket no. 34.)  Specifically, Plaintiff asserts that it did not agree to permit Defendants to delay their discovery responses during the settlement negotiations and argues that the fact that the parties were working toward a resolution of the case does not toll the discovery process or

4

excuse Defendants' failure to respond to Plaintiff's discovery requests. (Docket no. 34 at 2-3.) Plaintiff's position has merit.

Simply put, Defendants failed to respond to Plaintiff's interrogatories and requests for production by the January 22, 2015 response deadline. It is the Court's understanding that Plaintiff has yet to receive any responses, which are now nine months overdue.[1] By failing to respond during the response period, Defendants have waived any objections to the discovery requests. The Court will, therefore, grant Plaintiff's Motion to Compel and order Defendants to serve full and complete responses to Plaintiff's discovery requests, without objection, within thirty (30) days of this Opinion and Order. Defendants have not demonstrated that their nondisclosure was substantially justified or that other circumstances make an award of expenses unjust; accordingly, Rule 37 sanctions are appropriate in this case, and the Court will order Defendants to pay the reasonable expenses and attorney's fees that Plaintiff incurred in bringing this Motion pursuant to Fed. R. Civ. P. 37(a)(5)(A). The Court will also order Plaintiff to submit a Bill of Costs regarding said expenses and fees. In light of the defaults recently entered against Defendants ACF Global Imports, LLC and All Custom Focus Global Imports, LLC, the Court declines to impose upon Defendants any of the additional sanctions requested by Plaintiff at this time.

## II. Defendant Peter Normand's Motion for Protective Order Pursuant to Federal Rule of Civil Procedure 26(c)(2) [46]

On August 4, 2015, Plaintiff re-noticed the deposition of Defendants Dhameja Kumar and Peter Normand for August 25, 2015, at Plaintiff's attorney's office in Bloomfield Hills,

---

[1] Defendant Normand, in his reply brief to his Motion for Protective Order, asserts that Plaintiff is well aware that the only documents he has relative to Defendant ACF are emails, all of which have been produced. (Docket no. 50 at 3.) This assertion, however, does not cure Defendant Normand's failure to answer Plaintiff's discovery requests in accordance with Federal Rules of Civil Procedure 33 and 34 and will not be construed as a response to Plaintiff's Motion to Compel.

Michigan.  (*See* docket no. 46 at 10-11.)  Plaintiff is a Michigan-based limited liability company that has offices and operations in southeast Michigan; Defendant Normand is and has been a resident of Massachusetts at all times relevant to this Motion; Defendant Normand's attorney is located in Flint, Michigan.  (Docket no. 49 at 5; docket no. 46 at 1, 2.)  Defendant Normand's Motion for Protective Order requests that the Court (1) "enter a protective order quashing Plaintiff's Re-Notice of Taking Deposition and forbidding the requested discovery from taking place;" and (2) award Defendant Normand the costs and attorney fees he expended in bringing this Motion.  (Docket no. 46 at 3.)  In his Reply brief, Defendant Normand also requests that Plaintiff take his deposition via video conference.  (Docket no. 50 at 6.)

"'[T]he examining party may set the place for deposition of another party wherever he or she wishes, subject to the power of the court to grant a protective order under Rule 26(c)(2) designating a different place.'" *El Camino Resources Ltd. v. Huntington Nat'l Bank*, No. 1:07-cv-598, 2008 WL 2557596, at *2 (W.D. Mich. June 20, 2008) (quoting 8A Charles Alan Wright, Arthur R. Miller, Richard L. Markus, Federal Practice & Procedure § 2112 at 73 (2d ed. 1994)) (citing *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D. N.C. 1988) ("A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed.R.Civ.P., designating a different place.")))  But when a party makes a motion under Rule 26(c)(2), "[i]t is within the discretion of the court to designate the location for [] taking [the] deposition[], and each application must be considered on its own facts and equities." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (citing *Terry v. Modern Woodman of America*, 57 F.R.D. 141 (W.D. Mo. 1972)).

Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense,

including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters.  Fed. R. Civ. P. 26(c).  The party seeking a protective order has the burden of showing that good cause exists for the order.  *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001).  To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements."  *Id*. (citations and internal quotation marks omitted).

Plaintiff argues that Defendant Normand has failed to show good cause for such an order, but as a general rule, a defendant is deposed in the district where [the defendant] resides.  *Lomax v. Sears, Roebuck & Co.*, No. 99-6589, 2000 WL 1888715, at *3 (6th Cir. Dec. 19, 2000).  That is, "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located."  *Farquhar*, 116 F.R.D. at 72 (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979), *Dunn v. Standard Fire Insurance Co.*, 92 F.R.D. 31 (E.D. Tenn. 1981), *General Leasing Co. v. Lawrence Photo-Graphic Supply*, 84 F.R.D. 130 (W.D. Mo. 1979)).

> Underlying this rule appears to be the concept that it is the plaintiffs who bring the lawsuit and who exercise the first choice as to the forum.  The defendants, on the other hand, are not before the court by choice.  Thus, courts have held that plaintiffs normally cannot complain if they are required to take discovery at great distances from the forum.

*Id.* (citing *Work v. Bier*, 107 F.R.D. 789, 792 (D.C. 1985)).

Here, Defendant Normand asserts that he would suffer undue burden and expense if he were forced to travel to Michigan for a deposition.  (Docket no. 46 at 2, 5, and 7.)  In response, Plaintiff argues that the special circumstances contemplated in *Farquhar* exist in this matter where Defendants deliberately sought out Plaintiff's business in Michigan and egregiously and fraudulently induced Plaintiff to pay $167,155.00 for products that it never received.  (Docket

no. 49 at 12.)  Plaintiff also argues that Defendant Normand has not established good cause for the protective order because he did not provide any other reason for refusing to attend a deposition in Michigan other than the expense.  (*Id*. at 14.)  Plaintiff argues that, to the contrary, Defendant Normand does have sufficient funds to attend a deposition in Michigan, as he, along with his co-Defendants, is in wrongful possession of $167,155.00 of Plaintiff's money.  (*Id*. at 12.)  Plaintiff further argues that Michigan is a reasonable location for the deposition because Plaintiff, Plaintiff's attorneys, and Defendant Normand's attorney are all located in Michigan. (*Id*. at 13.)  Moreover, Plaintiff argues that Defendant Normand will incur expenses whether his deposition is held in Michigan or in Massachusetts because Defendant Normand would have to incur the costs of his Michigan-based attorney traveling to Massachusetts for the deposition. (*Id*.)

In reply, and in support of his assertion of undue burden and expense, Defendant Normand asserts that he was employed by Defendant ACF from June of 2012 until approximately June of 2015 as a salesperson who primarily worked out of his home and received a W-2 for wages and commission.  (Docket no. 50 at 2.)  He also asserts that he stopped working at Defendant ACF because several of his paychecks bounced and Defendant ACF stopped paying him.   According to Defendant Normand, Defendant ACF owes him $18,290.00. Defendant Normand contends that he is currently unemployed, is without an income, and is married with two small children.  Defendant Normand further contends that as a salesperson at Defendant ACF, he did not have the authority or ability to participate in the egregious conduct that Plaintiff categorizes as special circumstances under *Farquhar*.  (*Id*. at 4.)

Essentially, this case involves whether a non-resident individual defendant, who no longer works for the defendant employer, should be ordered to travel out-of-state for his

deposition because the party requesting the deposition noticed it for the litigation forum and opposes a video deposition.  Plaintiff chose to file this lawsuit in Michigan, and the "special circumstances" it relies upon in reasoning that Defendant Normand's deposition should take place in Michigan are nothing more than Plaintiff's prejudgment of the merits in its favor. Plaintiff has not provided a compelling reason to deviate from the general rule that Defendant Normand should be deposed near his place of residence.  Moreover, the Court finds that, through his explanation of his financial situation, Defendant Normand has shown good cause as to why he should not be required to bear the burden of traveling to Michigan for his deposition.

Accordingly, the Court will grant Defendant Normand's Motion for Protective Order insofar as he will not be required to travel to Michigan for his deposition.  However, the Court declines to award costs and attorney fees in Defendant Normand's favor and declines to order Plaintiff to take Defendant Normand's deposition by video conference.  Instead, upon proper notice, Plaintiff may, at its discretion and expense, travel to Massachusetts to take Defendant Normand's deposition or take Defendant Normand's deposition remotely by video conference or telephone.  The deposition may also be conducted in this district only if:  (1) all parties agree that Defendant Normand's deposition should proceed in Michigan; (2) Defendant Normand consents to travel to this State; and (3) Plaintiff pays for Defendant Normand's reasonably related expenses.  If Plaintiff desires to take Defendant Normand's deposition by remote means, the parties can so stipulate.[2]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery, and for Sanctions [28] is **GRANTED IN PART** and **DENIED IN PART** as follows:

---

[2] A deposition may be taken by telephone or other remote means by order of the court or upon stipulation of the parties.  Fed. R. Civ. P. 30(b)(4).

    a.      Defendants are ordered to provide full and complete responses to Plaintiff's Interrogatories and Requests for Production of Documents, without objection, within thirty (30) days of this Opinion and Order;

    b.      Defendants are ordered to pay the reasonable expenses and attorney's fees incurred by Plaintiff as a result of bringing the instant Motion.  Plaintiff is ordered to submit to the Court a Bill of Costs itemizing the same within thirty (30) days of this Opinion and Order, at which time the Court will determine the amount of costs and fees for which Plaintiff is liable; and

    c.      Plaintiff's Motion for additional sanctions is DENIED.

**IT IS FURTHER ORDERED** that Defendant Normand's Motion for Protective Order [46] is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.      Defendant Normand's Motion for Protective order is GRANTED insofar as he will not be required to travel to Michigan for his deposition;

    b.      Defendant Normand's Motion for costs and attorney fees is DENIED; and

    c.      Defendant Normand's request that his deposition be taken via video conference is DENIED.

In accordance with this Order, upon proper notice, Plaintiff may, at its discretion and expense, travel to Massachusetts to take Defendant Normand's deposition or take Defendant Normand's deposition remotely by video conference or telephone.  The deposition may also be conducted in this district only if:  (1) all parties agree that Defendant Normand's deposition should proceed in Michigan; (2) Defendant Normand consents to travel to this State; and (3) Plaintiff pays for Defendant Normand's reasonably related expenses.  Plaintiff must conduct Defendant

Normand's deposition at a location, date, and time agreed upon by the parties, within thirty (30) days of this Opinion and Order.

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: November 9, 2015          <u>s/ Mona K. Majzoub</u>
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## <u>PROOF OF SERVICE</u>

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date.

Dated: November 9, 2015          <u>s/ Lisa C. Bartlett</u>
                                 Case Manager