UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW PARADIGM PROMOTIONAL
MARKETING INC.,

    Plaintiff,                                  CASE NO: 14-11320-JCO-MKM
                                                   Hon. John Corbett O'Meara

v.

ACF GLOBAL IMPORTS LLC,
a New Hampshire limited liability company,
ALL CUSTOM FOCUS GLOBAL IMPORTS,
LLC, a California limited liability company,
DHAMEJA R. KUMAR, an individual,
PETER NORMAND, an individual,
jointly and several.

    Defendants.

---

**DEFAULT JUDGMENT IN FAVOR OF PLAINTIFF AND
AGAINST DEFENDANT DHAMEJA R. KUMAR**

      The Court is advised by the pleadings and other filings in this case, and also Plaintiff's Motion for Default Judgment and Sanctions for Failure to Comply with Court Order, and Other Discovery Violations (Dkt. #65), the Brief in Support, and related documents and exhibits, and is otherwise advised.

      The Court hereby finds as follows pursuant to Fed. R. Civ. P. 37(d) and (b), as supported by the filings in this proceeding.

      1.    Defendant Dhameja R. Kumar ("Kumar") has appeared in this proceeding (see, Dkt. Nos. below), through two separate counsel, Dickinson Wright

PLLC and Law Office of Barry A. Wolf PLLC, although both counsel have since withdrawn and no longer represent Kumar. Additionally, Defendant Kumar was properly served with the Summons and First Amended Complaint in this proceeding.

2. Specifically Defendant Kumar participated in this case through the following court filings and related actions, among other things.

a. Docket #1 03-31-2014 Notice of Removal.

b. Docket #4 04-23-2014 Motion for More Definite Statement.

c. Docket #7 05-19-2014 Reply to Response re Motion for More Definite Statement.

d. Docket #11 05-28-2014 Motion for Extension of Time to File Answer by All Defendants.

e. Docket #15 06-23-2014 Reply to Response re Motion for Extension of Time to File Answer.

f. Docket #18 08-04-2014 Request foe Extension of Time to Obtain New Counsel.

g. Docket #19 Answer to Amended Complaint with Affirmative Defenses.

h. Docket #31 Response to Motion to Compel.

3. Defendant Kumar failed to appear at his properly noticed deposition on August 24, 2015.

4. On November 9, 2015, this Court ordered Defendant Kumar to participate in discovery by providing full and complete responses to Plaintiff's Interrogatories and responding to Requests for Production of Documents, without objection, within (30) days of the Opinion and Order. (See Dkt. #55.)

5. Defendant Kumar has disobeyed this Court's order compelling discovery by failing to comply with its terms.

6. Therefore, pursuant to Fed. R. Civ. P. 37(b), the Court is finding and/or designating facts and entering this Default Judgment.

7. This Court finds that Defendant Kumar is in default in this proceeding for failing to plead or otherwise defend in accordance with Fed. R. Civ. P. 55(a), and the Defendant is not an infant, incompetent person or currently in the military service.

8. The Court notes and makes the following findings, in addition to the other findings in this Judgment.

> "Once a default is entered, well-pleaded allegations in the plaintiff's complaint, except those pertaining to the amount of damages, are taken as true." McIntosh v. Check Resolution Service, Inc., No. 10–14895, 2011 WL 1595150, at 3 (E.D.Mich. April 27, 2011) (citing Alfa Corp. v. Alfa Mortgage, Inc., 560 F.Supp.2d 1166, 1174 (M.D.Ala.2008)); see also Trice v. Lake & Country Real Estate, No. 86–1205, 1987 WL 38852, at 2 (6th Cir. Oct.29, 1987) (quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir.1983) ("Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."))

9. The allegations in the First Amended Complaint (Dkt. #8) are found to be true concerning Defendant Kumar including, but are not limited to the allegations at paragraphs 1-3, 8, 12-33, 36-40, 61-66, 68-69, 74-79, and 92.

10. Plaintiff New Paradigm had, prior to filing this suit, requested the return of all funds paid by it and wrongfully held by Defendants Kumar, ACF and All Custom.

11. The Court further finds that Defendant Kumar obtained money and property by false pretenses, false representations, and actual fraud.

12. The false pretenses, false representations and actual fraud related to matters specified above, and did not concern a statement of Defendant Kumar's or any other person's financial condition.

13. The Court also finds that the injuries to Plaintiff, caused by Defendant Kumar were willful and malicious.

14. The Plaintiff paid $167,155.00 to Defendant Kumar, as a result of this fraud, and is entitled to recovery these damages.

15. The Court further finds that Defendant Kumar obtained money under false pretenses, false representations, and actual fraud, and that Kumar also converted Plaintiff's funds therefore the actual damages are trebled, and costs and fees are added, pursuant to MCL 600.29199a, and such damages are hereby awarded.

16. Thus, Plaintiff's damages for the fraud and willful and malicious injury by Defendant Kumar is $501,465.00, plus attorneys' fees and costs

WHEREFORE, Judgment is hereby granted in the amount of $501,465.00, plus reimbursement for attorneys' fees and costs in the amount of $57,591.98, for a total amount of $559,056.98, plus interest, including pre-Judgment and post-Judgment interest.

Date: May 2, 2016                                   s/John Corbett O'Meara
                                                    United States District Judge