UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW PARADIGM PROMOTIONAL
MARKETING, INC.,

          Plaintiff,

v.

PETER NORMAND,

          Defendant.
_____/

Case Number: 14-11320

Honorable John Corbett O'Meara
United States District Judge

Magistrate Judge Mona K. Majzoub

# AMENDED SCHEDULING ORDER[1]

1. **DISCOVERY** must be completed by: __n/a__. Parties may stipulate to extend discovery only if the extension does not interfere with other dates set forth in this order.

   **Pursuant to 28 USC 636(b)(1)(A), all discovery motions will be referred to the Magistrate Judge assigned to this case.**

2. **WITNESS LISTS:** both lay and expert witnesses must be exchanged by: __n/a__.

3. **DISPOSITIVE MOTIONS** must be filed by: __n/a__.
   **Parties are required to submit a hard copy of all dispositive motions, responses and replies to chambers**.

   *Regarding motion practice:*

   A. Parties are directed to **Local Rule 7.1**, regarding seeking concurrence. In addition, Rule 7.1 governs time and length requirements for briefs. **A party that fails to file a timely response will not be permitted to argue during oral argument.**

   B. Parties are required to support the statement of material facts with citations to pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits. The full text of any source relied upon and not available in the reporter system or in the papers already on file must be filed as an appendix to the brief, and the appendix must contain an index.

---

[1] Rule 6 (a) of the Federal Rules of Civil Procedure governs all computation of time during this litigation.

1

C.  Rather than using boilerplate recitations of the summary judgment standard or string citations to well established legal principles, parties should focus their analyses on a few well chosen cases, preferably recent and from controlling courts.

**If unpublished opinions or opinions published only in specialty reporters are cited, copies of these cases *must* be submitted along with the briefs.**

4. **STIPULATION FOR MEDIATION**, if desired, must be submitted forthwith. Referral to mediation panel will be made: __**n/a**__. Attorneys must stipulate to be bound by Michigan Court Rules regarding mediation, eg., **providing for award of attorney fees, or mediation will not be ordered**.

5. The **JOINT FINAL PRETRIAL ORDER** shall be submitted to the Court not later than: **9/7/2016**.
   **In preparing the order, parties are to review Local Rule 16.2 and comply with its provisions.**

6. The **FINAL PRETRIAL CONFERENCE** shall be held: **9/14/2016** at **10:30 a.m. Parties shall attend the final pretrial conference along with the attorneys who will try the case.** Counsel shall be prepared to discuss settlement possibilities at the conference without the need of obtaining confirming authorization from their clients.

7. **JURY**
   Estimated length of trial: **5 days.**

   The Court uses a **TRAILING TRIAL DOCKET**. This trial will be held in the trial term beginning: **10/4/2016**.

8. All **MOTIONS IN LIMINE** must be filed *two weeks* prior to trial. Responses to motions in limine must be filed not later than **five days** prior to trial. **Untimely motions in limine and responses will not be considered.**

9. At least one week prior to the trial, counsel shall provide any requests for voir dire.

10. **JURY INSTRUCTIONS.**

    (a) Standard instructions:  The court uses a standard set of opening and closing instructions.  The parties may obtain these instructions upon request or at the final pretrial conference.

    (b) Case-specific instructions: On the first day of trial, the parties shall submit one **joint** copy of case-specific jury instructions, including a proposed verdict form.  Along with a hard copy, the parties shall also e-mail a copy to Case Manager William Barkholz in either WordPerfect or Word format (WordPerfect is preferred).  All jury instructions must be typewritten and

   double spaced.  Please do not submit the standard instructions that the court uses in every case.  See 10(a), supra.  **All stipulated and proposed instructions, from both parties, shall be submitted in one document and the document shall contain a table of contents.**  Each instruction shall be labeled and numbered; for example, "Joint Instruction No. 1" or "Plaintiff's Proposed Instruction No. 1," and so on.  If, for example, Defendant disagrees with Plaintiff's Proposed Instruction No. 1, Defendant shall submit, **on the next page**, its objection and its own Proposed Instruction No. 1, or state that it does not believe any alternate instruction should be given.  Each jury instruction must also contain citations to authority.

11. **SEALED MATERIALS:** Pursuant to Local Rule 5.3, Sixty days after the entry of a final judgment and an appellate mandate, if appealed, attorneys must present to the court a proposed order specifying whether the material sealed with a protective order is (*a*) to be returned to the parties or (*b*) unsealed and placed in the court file. **Failure to present the order will result in the court ordering the clerk to unseal the material and place it in the case file.**

    *Attorneys are cautioned to seal only those documents specifically referenced in the protective order.*

12. **OTHER MATTERS:**

    _____

    _____

Date: May 2, 2016                                    s/John Corbett O'Meara
                                                     United States District Judge

3