UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW PARADIGM PROMOTIONAL
MARKETING, INC.,

        Plaintiff,                CIVIL ACTION NO. 14-cv-11320

    v.                           DISTRICT JUDGE JOHN CORBETT O'MEARA

ACF GLOBAL IMPORTS, LLC,      MAGISTRATE JUDGE MONA K. MAJZOUB
ALL CUSTOM FOCUS GLOBAL
IMPORTS, LLC, DHAMEJA R.
KUMAR, and PETER NORMAND,

        Defendants.
_____/

### ORDER FOR SUPPLEMENTAL BRIEFING REGARDING PLAINTIFF'S BILL OF COSTS [56]

Plaintiff New Paradigm Promotional Marketing, Inc. filed the instant breach of contract action in the Wayne County Circuit Court on November 15, 2013, against Defendants ACF Global Imports, LLC (ACF), All Custom Focus Global Imports, LLC, Dhameja R. Kumar, and Peter Normand. (*See* docket no. 1-1.) Defendants removed the case to this Court on March 31, 2014. (Docket no. 1.) In a November 9, 2015 Opinion and Order, the Court granted in part a Motion to Compel filed by Plaintiff and ordered Defendants to pay the reasonable expenses and attorney's fees incurred by Plaintiff in bringing the Motion pursuant to Federal Rule of Civil Procedure 37. (Docket no. 55.) On December 9, 2015, Plaintiff submitted a Bill of Costs. (Docket no. 56.) Defendants did not object to the amount of attorney's fees requested by Plaintiff, and the time for doing so has passed.[1]

---

[1] In February and May of 2016, default judgments were entered against Defendants ACF, All Custom Focus Global Imports, LLC, and Dhameja R. Kumar; Peter Normand is the only remaining Defendant.

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

Plaintiff has provided no basis for determining the skill and experience of its attorneys. *See* Eastern District of Michigan Local Rule 54.1.2 (requiring that a motion for attorneys' fees "be supported by an affidavit of counsel setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged in the community for similar services, and any other factors which the Court should consider in making the award"). Accordingly, the Court will order Plaintiff to file supplemental briefing that addresses this matter.

**IT IS THEREFORE ORDERED** that Plaintiff must file, within fourteen (14) days, a supplemental brief in support of its Bill of Costs as discussed herein. Plaintiff's supplemental brief is limited to ten (10) pages.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: June 13, 2016          s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon counsel of record on this date.

Dated: June 13 2016           s/ Lisa C. Bartlett
                              Case Manager